UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SCOTT BOWKER,

    Petitioner,

v.

Case No. 1:10-cv-327
Hon. Robert J. Jonker

CAROL HOWES,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.    Background**

This habeas action involves two state criminal actions arising in the 43rd Circuit Court, Cass County, Michigan, case nos. 08-10229-FH (case "229") and 08-10319-FH (case "319"). In case 229, petitioner was charged with four counts and a sentence enhancement: Count I (breaking and entering a building with intent to commit a felony or larceny therein, M.C.L. § 750.110); Count II (unlawful driving away in a motor vehicle, M.C.L. § 750.413); Count III (receiving and concealing stolen motor vehicle, M.C.L. § 750.535(7)); Count IV (larceny in a building, M.C.L. § 750.360); and Habitual Offender (third offense, M.C.L. § 769.12). *People v. Bowker*, No. 08-010229, Cass Co. Cir. Ct. (Case Register) (docket no. 17); Application for leave to appeal at p. 1 (docket no.23). All of these occurred on June 10, 2008. *Id.*

In case 319, petitioner was charged with two counts and a sentence enhancement: Count I (operating while intoxicated, M.C.L. § 257.625(1)(a), third offense, M.C.L. §

257.625(6)(d)); Count II (operating while license suspended, second offense M.C.L. § 257.904(1)(c); and Habitual Offender (second offense, M.C.L. § 769.10). *People v. Bowker*, No. 08-010319, Cass Co. Cir. Ct. (Case Register) (docket no. 18); Application for leave to appeal at p. 1 (docket no.23). All of these occurred on June 10, 2008. *Id.*

On November 3, 2008, in case no. 229, petitioner pled guilty to Counts I and III as a third habitual offender, in exchange for the government's dismissal of Counts II and IV. Plea Trans. (Nov. 3, 2008) at pp. 2-10 (docket no. 20). At that time, the trial judge advised petitioner that Count I, breaking an entering an unoccupied building with intent to commit the crime of larceny, was a felony which carried a 10-year maximum penalty, and that Count III, receiving and concealing stolen property, was also a felony which caried a five-year maximum penalty. *Id.* at p. 3. The trial judge also advised petitioner that because he was guilty of habitual offender third, the judge had the discretion to increase or double the maximum penalty of those two counts. *Id.*

On November 5, 2008, in case no. 319, the government amended Count I to change it from operating while intoxicated to operating while under the influence of a controlled substance. Plea Trans. (Nov. 5, 2008) at pp. 2-3 (docket no. 21). Petitioner pled guilty to the amended Count I as a felony and as a second habitual offender, in exchange for the government's dismissal of Count II. *Id.* at pp. 6-14. During the plea hearing, the trial judge advised petitioner that the maximum punishment for Count I, operating a motor vehicle on a highway while under the influence of a controlled substance, third offense, is not less than one year nor more than five years in prison and/or a fine of not less than $500.00 nor more than $5,000.00. *Id.* at pp. 6-7. The judge also notified that

2

petitioner would be considered a habitual offender second which could result in a maximum punishment of one and one-half times the maximum otherwise allowable. *Id.* at pp. 9-10.[1]

On December 12, 2008, petitioner was sentenced in both cases. Sent. Trans. (docket no. 22). At the sentencing, petitioner's counsel objected to three aspects of the sentencing guidelines calculations. First, counsel objected to the scoring of offense variable (OV) 10, which refers to exploitation of a vulnerable victim. *See* M.C.L. § 777.40(1)(b) ("[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status"); Sent. Trans. at p. 4. Petitioner's counsel stated that OV 10 was inapplicable because there was no domestic relationship between the petitioner and the victim. *Id.* The prosecutor pointed out that the victim, Ms. Goodman, was a neighbor and widow who had given petitioner assistance in the past. The trial judge rejected petitioner's argument because there was a relationship between the victim that allowed petitioner to exploit her and to commit the crimes. Second, counsel objected to OV 13, which refers to a continuing pattern of criminal behavior. *See* M.C.L. § 777.43; Sent. Trans. at p. 6. Petitioner's counsel asserted that OV 13 did not apply because the crimes were "basically all in one incident." Sent. Trans. at p. 6. The prosecutor pointed out that OV 13 applied because it specifically includes the sentencing offense in determining a pattern. M.C.L. § § 777.43(2)(a); Sent. Trans. at p. 6. The trial judge agreed. Sent. Trans. at pp. 6-7. Third, counsel objected to the scoring of OV 19, which refers to interference with the administration of justice. M.C.L. § 777.49; Sent. Trans. at p. 7. The trial judge overruled the

---

[1] The Court notes that the trial judge had previously advised petitioner that the habitual offender status could result in a maximum punishment of life or any term of years. Plea Trans. (Nov. 5, 2008) at pp. 6-7.

objection after noting that petitioner committed the offense while on parole, which justified "interference with the administration of justice" under OV 19. Sent. Trans. at pp. 7-8.

The trial judge addressed a number of other matters, including credit for jail time served, a correction to the scoring of prior misdemeanors, arguments from counsel, a statement from the victim and a lengthy statement from petitioner. *Id.* at pp. 8-20. The trial court observed that petitioner broke into the garage of a recently widowed neighbor, who had known petitioner since he was three years old and had employed petitioner to perform yard and housework. *Id.* at p. 20. Petitioner broke into the victim's garage, stole tools, stole her deceased husband's truck, and while operating the truck under the influence of cocaine crashed the vehicle into a tree causing thousands of dollars worth of damage. *Id.* at pp. 20-21. The court noted that petitioner had an extensive criminal record consisting of 22 entries in the presentence report, that he committed the present crimes while on parole form an earlier prison sentence from Berrien County, and that he was currently serving two additional prison sentences in Berrien County for retail fraud convictions. *Id.* at p. 22. The court also noted the prosecutor's statement that petitioner had 6 prior felony convictions and 13 prior misdemeanor convictions. *Id.* at pp. 10 and 22.

Given petitioner's criminal history and that he committed the crimes while on parole, the trial judge determined that he deserved a prison sentence within the guideline range of 29 to 85 months. *Id.* at p. 22. With respect to case no. 229, the judge sentenced petitioner on Count I to a term of 5 to 20 years and on Count III to a term of 3 to 10 years, to be served concurrently. *Id.* at pp. 23-24. With respect to case no. 319, the judge sentenced petitioner on Count I, as an habitual offender, to a term of 2 to 7 1/2 years, to be served concurrently with the terms in case no. 229. *Id.*

at p. 24. The trial judge also stated that all sentences were "to be served consecutive to parole." *Id.* at pp. 23-24; Judgment of sentence (case no. 229) (docket no. 23); Case Register (no. 319).[2]

Petitioner, through counsel, raised three issues in an application for leave to appeal to the Michigan Court of Appeals:

> I. Is [petitioner] entitled to a re-sentencing because the trial court mis-scored OV 10, and OV 19, at 10 points each?
>
> II. Is [petitioner] entitled to a sentence based upon accurate information?
>
> III. Did [petitioner] have a right, which he did not waive, to be sentenced by the judge who accepted his guilty plea?

Application for leave to appeal (docket no. 23). The Michigan Court of Appeals denied the application for leave to appeal for lack of merit in the grounds presented. *People v. Bowker*, No. 291970 (Mich. App. June 25, 2009) (docket no. 23).

Petitioner raised six issues in his *pro se* application for leave to appeal to the Michigan Supreme Court:

> I. [Petitioner] is entitled to a re-sentencing because the trial court mis-scored OV 10 and OV 19, at 10 points each.
>
> I.B. OV 19: Threat to security or interference with the administration of justice, was erroneously scored at 10 points instead of zero.
>
> II. [Petitioner] is entitled to a sentence based on accurate information.
>
> III. [Petitioner] has a right, which he did not waive, to be sentenced by the judge who accepted his guilty plea.
>
> IV. [Petitioner] was denied due process and his sentence is therefore invalid where his sentence was based on materially inaccurate information prejudicial to [him]. [Petitioner] was not allowed, to properly challenge that information at sentencing.

---

[2] The Court record does not include a copy of the Judgment of Sentence in case no. 319.

5

> V. Motion to dismiss on double jeopardy grounds.
>
> VI. [Petitioner's] plea was not an intelligent and voluntary waiver of his right to a trial as he seriously misapprehended the severity of his potential sentence when he accepted the plea bargain.

Application for leave to appeal (docket no. 24). The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. *People v. Bowker*, No. 139843 (Mich. Dec. 9, 2009) (docket no. 24).[3]

Bowker then filed a petition for habeas corpus relief which raised four issues. *See* Petition (docket no. 1). On May 12, 2010, the Court dismissed the petition for failure to exhaust remedies. *See* Opinion (docket no. 6), Order (docket no. 7) and Judgment (docket no. 8). In its opinion, the Court noted that based on matters as set forth in Bowker's petition, he had filed a motion for relief from judgment in the Cass County Circuit Court on or about January 1, 2010, raising new claims of error, that the court denied his motion January 27, 2010, and that petitioner had appealed that order in the Michigan appellate courts. *See* Opinion at p. 3 (docket no. 6).[4]

Petitioner subsequently filed an amended petition raising three exhausted issues (in his words):

> I. Mr. Bowker is entitled to a resentencing because the trial court mis-scored OV 10 and OV19, at points each: A) OV 10, B) OV 19.
>
> II. Mr. Bowker is entitled to a sentence based upon accurate information.

---

[3] The court notes that petitioner's Issue "I.B." was not new, but related to the scoring of OV 19 and discussed in his application for leave to appeal to the Michigan Court of Appeals.

[4] The state court records reflect that petitioner filed a motions for relief from judgment in both cases on January 13, 2010, and that an order was entered in each case on January 27, 2010. *See* Case Register (nos. 229 and 319).

III.     Mr. Bowker had a right, which he did not waive, to be sentenced by
         the judge who accepted his guilty plea.

Amended Petition (docket no. 12). This matter is now before the Court on the three issues raised in the amended petition.

**II.     Standard of review under 28 U.S.C. § 2254**

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 776, 130 S. Ct. 1855, 1862 (2010) (internal quotation marks and citations omitted). "Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal court may grant the writ

only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id.* A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to a state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

### III. Discussion

#### A. Petitioner is entitled to a re-sentencing because the trial court mis-scored offense variables

Petitioner contends that the state trial court mis-scored his sentencing guidelines under Michigan law with respect to OV 10 and OV 19. These claims related to the scoring of state sentencing guidelines involve matters of state law. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Federal habeas corpus relief does not lie for errors of state law, which includes the state's computation of petitioner's prison term. *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003), citing *Estelle*, 502 U.S. at 68. *See*

8

*Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Id.* at 301, *quoting Williams v. New York*, 337 U.S. 241, 245 (1949). Here, petitioner's sentences are within the statutory limits. Accordingly, his claims regarding the scoring of his sentencing guidelines are a matter of state law not cognizable on federal habeas review.

        **B.    Petitioner is entitled to a sentence based upon accurate information.**

In his application for leave to appeal filed in the Michigan Court of Appeals, petitioner contends that the alleged incorrect scoring of OV 10 and OV 19 violated his due process rights because "the factual predicates used to support scoring of the statutory guidelines constitutes **sentencing information** and is subject to the Due Process right to be sentenced on the basis of only accurate information." Application for leave to appeal at p. 14 (docket no. 23) (emphasis in original). Petitioner, however, cites no authority in support of this assertion.[5]

Criminal defendants have a due process right to a sentence based on accurate information. *United States v. Tucker*, 404 U.S. 443, 447 (1972); *see also*, *Townsend v. Burke*, 334 U.S. 736, 740-41(1948). In this regard, the Supreme Court has sustained due process objections to sentences imposed on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980), quoting *Tucker*, 404 U.S. at 447; *see also*, *Townsend*, 334 U.S. at 740-41.

---

[5] The Court notes that in petitioner's response he attempts to raise new issues of ineffective assistance of counsel with respect to the plea agreement and sentencing. Petitioner's Response at pp. 3-5 (docket no. 26). The issue of ineffective assistance of counsel, however, is not before the Court.

9

> To demonstrate a due process violation "the defendant must establish that the challenged evidence is materially false or unreliable, and that such false or unreliable information actually served as the basis for the sentence." *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir.1992) (emphasis deleted) (quoting *United States v. Robinson*, 898 F.2d 1111, 1116 (6th Cir.1990)). The evidence a sentencing court relies upon need only possess "some minimal indicia of reliability." *Robinson*, 898 F.2d at 1115. Unless Jones can show that he was prejudiced he has no due process claim. *United States v. Stevens*, 851 F.2d 140, 144 (6th Cir.1988).

*United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002).

Petitioner has not identified any evidence relied upon by the trial judge which was false or unreliable. Rather, petitioner simply re-asserts his legal challenge to the trial judge's scoring of OV 10 and OV 19. *See* M.C.L. §§ 777. 40(b) and 777.49(c). Petitioner's characterization of the state trial court's application of the sentencing guidelines as a denial of due process does not transform his state law claim into a federal constitutional claim. *See, e.g., Austin*, 213 F.3d at 301(in rejecting petitioner's claim that the trial court's departure from the sentencing guidelines violated his federal due process rights during sentencing, the court noted that petitioner failed "to articulate the grounds upon which the trial court's departure from the Michigan Sentencing guidelines violates any federal due process right he possesses," and was "unable to substantiate a single violation of any of his constitutional guarantees to due process"); *Felicetty v. Bianco*, No. Civ. A. 02-585-JJF, 2003 WL 21402544 at *6 (D. Del. June 10, 2003) (observing that a state court's sentencing decision is generally not constitutionally cognizable, even if the claim is couched in terms of a due process violation). Petitioner has not identified any "misinformation" involved in his sentencing, let alone misinformation "of constitutional magnitude." Petitioner's due process claim with respect to his sentencing should be denied.

### C. Petitioner had a right, which he did not waive, to be sentenced by the judge who accepted his guilty plea.

In his appeal, petitioner relied on Michigan case law which held that "a defendant is entitled to be sentenced before the judge who accepts his plea, provided that judge is reasonably available." *People v. Humble*, 146 Mich. App. 198, 200, 379 N.W.2d 422 (1985); Petitioner's Application for leave to appeal at p. 18 (docket no. 23). Petitioner has presented this claim as strictly a matter of state law. As discussed, matters of state law are not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 68; *Pulley*, 465 U.S. at 41. Even if petitioner had tried to frame this as a federal constitutional issue, his claim would fail because there is no federal constitutional right to be sentenced by the trial judge. *See United States v. Yellowbear*, 382 Fed. Appx. 715, 720 fn. 1 (10th Cir. 2010) ("post-trial reassignment to successor judges is permissible [under the Fed. R. Crim. P. 25(b)]; it also violates no constitutional right"); *United States v. Whitfield*, 874 F.2d 591, 593 (8th Cir. 1989) ("[p]ost-trial reassignment to a successor judge has been approved by us on more than one occasion"); *United States ex rel Fields v. Fitzpatrick*, 548 F.2d 105, 107 (3d Cir.1977) ("[w]e do not recognize a constitutional right to be sentenced by one's trial judge in every case"). Accordingly, petitioner's claim should be denied.

### IV. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: August 9, 2013                         /s/ Hugh W. Brenneman, Jr.
                                              HUGH W. BRENNEMAN, JR.
                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).